**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| PROFIT POINT TAX TECHNOLOGIES, INC., | Misc. Action No. 3:20-mc-00009 |
| Plaintiff/Counterclaim-Defendant, | Original Action Pending in the Western District of Pennsylvania, Case No. 2:19-cv-00698-WSS-MPK |
| v. | |
| DPAD GROUP, LLP, JOHN MANNING and DANIEL STEELE, | |
| Defendants/Counterclaim-Plaintiffs. | |

**NON-PARTY VON BRIESEN & ROPER, S.C.'S REPLY IN SUPPORT OF MOTION TO JOIN PROFIT POINT TAX TECHNOLOGIES, INC.'S MOTION TO QUASH THIRD-PARTY SUBPOENA DUCES TECUM**

On May 13, 2020, von Briesen informed Defendants' counsel that it had produced a copy of PPTT's full client file to PPTT, at PPTT's instruction. At that point in time, Defendants should have withdrawn their subpoena and brought any discovery disputes they had with PPTT—with regard to the production of any documents contained in the client file now in PPTT's possession—to the U.S. District Court for the Western District of Pennsylvania, where the underlying action is now pending. Defendants did not do this, thereby imposing unnecessary burdens on von Briesen, and thereby requiring this Court to expend unnecessary time and effort in addressing a discovery dispute that need not belong before it. In addition, one of Defendants' purported reasons for not withdrawing the subpoena and for not agreeing to further extensions—a June 11 mediation date—is no longer valid as that mediation can now be held any time before July 29, 2020, per the Western District of Pennsylvania. For these and the following reasons, Defendants' subpoena should be quashed in its entirety in order that the Western District of Pennsylvania can properly address any discovery disputes between the parties regarding documents now in PPTT's possession.

**RELEVANT FACTUAL BACKGROUND**

von Briesen's prior representation of PPTT concluded in 2016. Ron Trachtenberg was the only von Briesen attorney that provided legal advice—or spoke on PPTT's behalf—during the course of that prior representation. Attorney Trachtenberg left von Briesen in 2018.

After Defendants issued their subpoena to von Briesen, PPTT instructed von Briesen to provide a copy of its client file to PPTT's successor counsel. von Briesen did so and informed Defendants' counsel of that fact on May 13, 2020. Declaration of J. Russell ("J. Russell Decl.") ¶ 3, Ex. A. However, Defendants refused to withdraw the subpoena notwithstanding the unnecessary burdens the subpoena imposed on von Briesen in reviewing a prior client's file for privilege and confidentiality when the responsible attorney was no longer with the firm. *Id*. at ¶ 3, Ex. B. Defendants also refused to withdraw the subpoena notwithstanding the fact that the client file falls within the scope of the discovery requests Defendants already served on PPTT on April 8, 2020. Dkt. No. 1-3 at 12-17. Disputes over discovery requests should properly be handled by the Western District of Pennsylvania in the normal course of the litigation commenced there.

Nonetheless, von Briesen thereafter attempted to work with both Defendants' counsel and PPTT's successor counsel in determining the best manner in which to respond to a subpoena that clearly targeted privileged and confidential documents over which von Briesen could not waive privilege or confidentiality without its prior client's consent. J. Russell Decl. ¶ 3, Ex. B. Defendants provided only a two-week extension for von Briesen to try to navigate the difficult position it found itself in regarding the discovery dispute between the two parties.

Thereafter, PPTT retained von Briesen for the limited purpose of filing its Motion to Quash in this Court, in which the undersigned is admitted to practice. Dkt. No. 1. In response, Defendants' counsel sent an intemperate letter to von Briesen and, in apparent retaliation for filing

PPTT's motion to quash, issued a deposition subpoena on the firm listing topics of inquiry of which Defendants' counsel already knew no one at the firm would have any substantive knowledge. *Id*. at ¶ 4, Ex. C, E.  The undersigned responded on von Briesen's behalf in an attempt to correct the factual inaccuracies and unwarranted assumptions contained in Defendants' letter and to object to the necessity of the deposition subpoena. *Id*. at ¶ 4, Ex. C.  However, in light of the uncivil tone of Defendants' letter, as well as Defendants' refusal to extend any further deadlines to respond to the subpoena beyond May 29, 2020, von Briesen moved to join PPTT's motion to quash on May 29, 2020. *Id*.; Dkt. No. 3.[1]

## ANALYSIS

Analysis of this matter is simple.  Federal Rule of Civil Procedure 45(d)(3) requires a subpoena to be quashed when the subpoena "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden."  All three of these requirements are met here as the factual background of this matter—set forth above—demonstrates.

## CONCLUSION

WHEREFORE, von Briesen respectfully requests that this Court grant its Motion to Join and quash the Subpoena.

Respectfully submitted,

By: *s/ Joseph M. Russell*
Joseph M. Russell

von BRIESEN & ROPER, s.c.

---

[1] On June 5, 2020, the undersigned and Defendants' counsel met and conferred regarding the necessity of the deposition subpoena, which von Briesen asked Defendants to withdraw.  To date, Defendants have refused to do so.

- 4 -

                411 East Wisconsin Avenue, Suite 1000
                Milwaukee, WI 53202
                Telephone: (414) 287-1414
                Fax: (414) 276-6281
                jrussell@vonbriesen.com

Dated: June 12, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF, and served the foregoing on the following via Electronic Mail:

Brad A. Funari
bfunari@reedsmith.com
Alex G. Mahfood
amahfood@reedsmith.com
225 Fifth Avenue
Pittsburgh, PA 15222

*Counsel for Defendants DPAD Group, LLP, John Manning and Daniel Steele*

*Joseph M. Russell*